## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
## CASE NO. 18-24296-CIV-LOUIS

JULIO C. PENA, an individual,

     Plaintiff,

vs.

FACCI OF MERRICK PARK, INC., a Florida
for-profit corporation, and KOSMAS KALAS,
an individual,

     Defendants.

_____/

### PLAINTIFF'S REPLY TO DEFENDANTS' OMNIBUS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR  ATTORNEYS' FEES AND MOTION FOR COSTS [D.E. #91]

Plaintiff, JULIO C. PENA ("Plaintiff"), by and through undersigned counsel, hereby files

his Reply to Defendants' Omnibus Response in Opposition to Plaintiff's Motion for Attorneys'

Fees and Motion for Costs [D.E. #91], and states:

### Defendants' Failure to Confer

A majority of Defendants' objections to Plaintiff's Motion for Attorneys Fees stem from

Defendants' failure to confer with Plaintiff's counsel. Local Rule 7.3 states in part that: "A

motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the

entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion,

as described in paragraph (b) below, has been completed." S.D.F.L. L.R. 7.3(a).  In addition, the

Court expressly that the parties confer on Plaintiff's motion for attorneys fees.  [D.E. #86].  "This

conferral is meant to facilitate the cooperative process that marks civil litigation and ease the tax

on judicial resources that occurs when parties needlessly seek intervention by the Court. When a

party fails to confer before filing such a motion, the Court may sanction it." *Top Branch Envtl. Services, Inc. v. Hoodridge Unlimited, Inc.*, 08-60767-CIV, 2009 WL 10667563, *1 (S.D. Fla. Jan. 16, 2009). *See also Sierra Equity Group v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 2009 WL 4724297, 1370 (S.D. Fla. 2009)(… If a party fails to confer pursuant to LR 7.1A3, the Court may deny the motion and impose appropriate sanctions, including reasonable attorney's fees. *Id.; see also Williams v. Ocean Title Co.,* No. 07–80252, 2007 WL 1805792, at *1, 2007 U.S. Dist. LEXIS 48175, at *3 (S.D.Fla.2007)(explaining failure to comply with Local Rule 7.1 "is sufficient cause for the denial of the motion as well as imposition of an appropriate sanction," including reasonable attorney's fees); *Williams Island Synagogue, Inc. v. City of Aventura,* 329 F.Supp.2d 1319, 1327–1328 (S.D.Fla.2004)(denying defendant's motion where defendant failed to confer prior to filing its motion)."

In the instant case, Mr. Brock attempted to confer (as ordered) with Defendants' counsel numerous times regarding the fees and cost sought herein.  As set forth in the Motion for Attorneys Fees [D.E. #88, p.10], Plaintiff's counsel forwarded a draft of Plaintiff's fees and costs on January 13, 2020, but received no response.  In addition, Plaintiff's counsel left phone messages, text messages and email messages throughout the week of February 3, 2020, but Defendants' counsel refused to respond.[1]  Had Defendants conferred with Plaintiff's counsel, they could have obviated the need for Plaintiff's instant Motions and the Court's intervention or they could have at least resolved a multitude of the issues complained about by Defendants.[2] Defendants' counsel failure to confer should not be "rewarded" in that he refused to confer and

---

[1] Defendants' counsel failed to advise the Court why he did not confer with Plaintiff's counsel.

[2] For example, "While the attorneys' Declarations each state that they spent a particular time on a matter, the billing invoice does not substantiate it because there is no indication of who did what." [DE 91 at 5]; "As identified in Defendants' specific line-item objections, all such entries should be excluded by the Court in calculating the lodestar and before an across-the-board reduction is applied as discussed below." *Id*. at 10.

simply set forth his objections in his Response. [D.E. #91].  Just as a movant that fails to confer can have the motion denied outright and sanctioned for failing to do so, Defendants' Response [D.E. #91] should be disregarded by the Court as a sanction for failing to confer despite the numerous attempts by Plaintiff's counsel and the Court's express instructions that counsel confer.

An example of Defendants' counsel failure to confer is Defendants' argument that Plaintiff's counsel incorrectly included in the instant Motion time that was already compensated by the Court.  [D.E.  #91,p.10].  However, as set forth on D.E. #88-1, pp.9-11, Plaintiff's counsel did <u>not</u> include such time in the hours for which an award is now sought.  The time that was already awarded by the Court is therefore not included in the hours sought to be awarded in the instant Motion. [D.E. #88, p.9].  Had Defendants' counsel conferred and asked about this alleged discrepancy, Plaintiff's counsel would have explained this to him and avoided expending the additional time needed to respond to this argument.

**The Amount of Hours Reasonably Expended**

Defendants state that "[t]here is no question that this was (supposed to be) a routine FLSA case that ordinarily would not involve significant skill to litigate. However, Plaintiff and his counsel's stance (in demanding $106,000.00 more than the case's eventual value) protracted this matter and caused it to be unsettleable." [D.E. #91 at 6].  However, after seventy (70) plus docket entries, where Defendants were sanctioned *twice* for discovery issues, and Plaintiff filed his Motion for Partial Summary Judgment, it is apparent that Defendants' actions protracted this case, thus necessitating the amount of time spent by Plaintiff's counsel.[3]

---

[3] Plaintiff notes that it would be helpful to see the amount of time expended by Defendants counsel in this case to compare it with the amount of time spent by Plaintiff's counsel.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

**Plaintiffs' Counsel's Reasonable Hourly Rate**

As an initial matter, Defendants failed to comply with the mandate of L.R. 7.3(a) which

states in relevant part:

> If a party objects to an hourly rate, its counsel **must submit an affidavit giving its firm's hourly rates for the matter** and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate.

(emphasis added).

As Defendants failed to provide the required affidavit as to Defendants' counsel's hourly

rates for this matter, Defendants have waived their right to challenge the hourly rate requested by

Plaintiff's counsel. *See e.g.*, *Procaps S.A. v. Patheon Inc.*, 12-24356-CIV, 2017 WL 3536917, at

*9-10 (S.D. Fla. Aug. 17, 2017)(objection to opposing counsel's hourly rate waived for failure to

submit affidavit setting forth counsel's firm's own hourly rates); *Rodriguez v. Marble Care Int'l,

Inc.*, 863 F. Supp. 2d 1168, 1186 (S.D. Fla. 2012)(same).  Nevertheless, and in an abundance of

caution, Plaintiff is responding to Defendants' arguments regarding the appropriate hourly rate.

Defendants' argument that because Plaintiff's counsel stated that its fees were $350.00

per hour in 2018 in Plaintiff's Statement of Claim [D.E. #7], Plaintiff's counsel should not be

awarded $400 per hour is misplaced.  First, it is ultimately up to the Court to determine the

appropriate hourly rate to be applied depending upon the attorneys' skill, experience and

reputation.  Second, as it has been over two (2) years since this case was filed, Plaintiff's counsel

is permitted at the end of a case to seek an hourly rate that is commensurate with the market rate

in the community at this time.  Third, this Court awarded Mr. Brock $400 per hour as a sanction

in this case in its Order regarding spoliation. [D.E. #85].  Fourth, Plaintiff's counsel has

previously been awarded $400.00 per hour for their work in FLSA cases, and Defendants'

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

counsel has offered no good reason why this Court should not similarly award Plaintiff's counsel the same rate in this case.

Plaintiff's counsel believe that their requested hourly rate of $400.00 is appropriate based upon its review of other fee awards in FLSA cases in this District and based upon the level of experience, knowledge of the applicable law in this area and the skill displayed by counsel. *See Lane v. Capital Acquisitions & Mgmt. Co.,* 554 F. Supp. 2d 1345, 1352 (S.D. Fla. 2008)(awarding $450.00 per hour in FLSA case); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007)(awarding $450.00 per hour in FLSA case). *See also Mursel v. Ocean's 13 Sports Bar & Grill, Inc.*, at D.E. #52, Case No. 18-60679-Civ-Cooke (S.D. Fla. August 16, 2018)(awarding $400 per hour in FLSA case settlement); *Valley v. Ocean Sky Limo*, 82 F.Supp.3d 1321, 1329 (S.D. Fla. 2015)(awarding $400.00 per hour in FLSA case).

Moreover, Plaintiffs' counsel have been awarded $400 per hour last year in an FLSA case. *See Marco Watts v. Club Madonna, Inc.*, Case No. 17-cv-24666-UU/O'Sullivan at D.E. ##143 & 145. Mr. Brock was awarded $400 per hour in 2015 in an FLSA case. *See Alvarez v. La Dorada Coral Gables, Inc.,* Case No. 14-24929-civ-Altonaga/O'Sullivan at D.E. ##38 & 39.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994), quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)(citing *Blum v. Stenson,* 465 U.S. 886, 895-96 n.11 (1984)). *See also Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999); *Tiara Condo. Ass'n v. Marsh & McLennan Cos.,* 697 F. Supp.2d 1349, 1361 (S.D. Fla. 2009). Testimony that a given fee is reasonable is satisfactory because "satisfactory

evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Norman,* 836 F.2d at 1299.

Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments and reputation. *See Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 737, n.1 (11th Cir. 1988).  The Court should also analyze the skills of the organization, efficiency, knowledge of the trial practice, knowledge of the substantive law and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees.  *See Norman,* 836 F.2d at 1299.

According to the 11th Circuit, the most important *Johnson* factor to be considered when setting the rate of pay for calculation of the lodestar is the "going rate" in the community, which is defined to mean "[a] reasonable hourly rate... in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation." *Martin v. Univ. of Ala.,* 911 F.2d 604, 610 (l1th Cir. 1990); *see also Reynolds v. Alabama Dept. of Transp.,* 926 F. Supp. 1448, 1457 (M.D. Ala. 1995).

Mr. Kuvin is recognized as a leader in the field of wage and hour litigation under the FLSA and FMWA despite the fact that he has practiced for only eleven (11) years.  He also has over twenty-five (25) years in the restaurant industry which provides him with unique insight into wage and hour cases.  Mr. Brock had been admitted to practice law for over eight (8) years, but also had twenty-five (25) plus years in the restaurant industry which made him a recognized leader in this field.  Mr. Mullick has been a practicing attorney for over twenty-two (22) years.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Therefore, Plaintiff believes that a reasonable hourly rate for Plaintiff's counsel is $400 per hour.[4]

Defendants also challenge the hourly rate of $135 sought for Plaintiff's counsel paralegal arguing that the rate should be $75.00 per hour.  Defendants did not cite any authority in support of this argument and did not address Plaintiff's citation to *Araujo v. C.R.C. Car Rental, Inc.*, 2017 WL 3382315, *1 (S.D. Fla. August 4, 2017)(awarding paralegal $135 per hour in FLSA case).  *See also H.C. v. Bradshaw*, 18-CV-80810, 2019 WL 5079773, at *6 (S.D. Fla. Oct. 10, 2019)(finding a paralegal's hourly rate of $150 to be reasonable); *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2017 WL 4785458, at *3 (S.D. Fla. Oct. 20, 2017)(same).

## Defendants Served Their Rule 68 Offer of Judgment and Plaintiff Accepted

Defendants object to the amount of time it took Plaintiff to accept their Rule 68 Offer of Judgment and ask the Court to strike the work done between the date the offer was made and the date it was accepted.  The actual question, albeit rhetorical, should be why did Defendants wait until the proverbial last minute to serve their Rule 68 Offer of Judgment?  The instant lawsuit was filed on December 17, 2018, and Defendants waited a year to finally serve their Rule 68 on December 13, 2019.  It appears Defendants decided to make their Offer of Judgment only after they found and reviewed their missing time and work records for the relevant time period on December 6, 2019. [D.E. #85,p.3].

Defendants argue that Plaintiff's counsel time records indicate that counsel waited thirteen (13) days to have the first discussion with Plaintiff about Defendants' Offer of Judgment and that during that time period Plaintiff's counsel accumulated 17.5 hours on the case.

---

[4] If courts award less than the "going rate" for lawyers of comparable skill, experience and reputation, it may have a chilling effect upon attorneys willing to accept FLSA cases because those attorneys would rather accept cases where they are paid more per hour in accordance with the "going rate."

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Defendants' argue that these 17.5 hours are therefore non-compensable.  In actuality, during that time, Plaintiff's counsel did reach out to Plaintiff and left messages for him.  However, it is Plaintiffs' counsel's practice not to bill for merely leaving a voicemail message for a client, and counsel believes that it is only appropriate to bill if an actual phone conversation occurred. Accordingly, Defendants' argument is misplaced.

**Results Obtained**

Defendants argue that since Plaintiff ultimately accepted the $10,000.00 Offer of Judgment while his Statement of Claim sought a greater amount, Plaintiff's counsel should not be awarded the hourly rate or the attorneys' fees that they seek.[5]  As set forth in Certification of Julio C. Pena executed on February 25, 2020 ("Pena Certification"), Plaintiff decided to accept the $10,000.00 Offer of Judgment in order to avoid the delay in going to trial and the inherent uncertainty, and because he was advised by his counsel that it was possible that if he went to trial, he might have obtained an amount lower than the $10,000.00 settlement amount.  (A copy of the Pena Certification is attached hereto as **Exhibit "1."**)  The fact that Plaintiff ultimately accepted the Offer of Judgment which was less than the amount that he sought has no bearing on whether Plaintiff's counsel reasonably expended the time to prosecute Plaintiff's case up to that point in time.  Significantly, Plaintiff knowingly decided to accept the $10,000 Offer of Judgment and essentially settled <u>his</u> case.  Plaintiff's counsel should not be penalized, as Defendants suggest, for acting in a professional and ethical manner and at the direction of their client.  Therefore, Defendants' argument has no merit.

---

[5] Importantly, Plaintiff's Statement of Claim was based upon his estimate of the amount of hours that he worked.  If Defendants had produced Plaintiff's time records in a timely manner (*see* D.E. #85), Plaintiff would have an opportunity to revise his Statement of Claim.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Moreover, Defendants are incorrectly adding the liquidated damages sought in the Amended Statement of Claim [D.E. #27] to argue that Plaintiff sought $116,542.30.  As Plaintiff accepted the Offer of Judgment and essentially settled his case, it is obvious that he would not be receiving the liquidated damages.  Deducting the liquidated damages from the amount sought in the Amended Statement of Claim yields figure of $58,270.75.  Plaintiff accepted $10,000.00, and therefore he obtained a 17% recovery – and not 8% as Defendants' argue.[6]

In addition, Defendants entirely failed to identify specific time entries that they claim should be disallowed in support of their argument that the results obtained should reduce the fees awarded to Plaintiff's counsel.  The result is that Plaintiff cannot adequately defend against same.  Therefore, Defendants have waived this vague and generalized objection.  *See Rodriguez v. Marble Care Int'l, Inc.*, 863 F. Supp. 2d 1168, 1186 (S.D. Fla. 2012).

**Costs**

Defendants argue that the deposition transcripts of Roberto Filori, Sebastian Walters, and Maekel Morales were never used by Plaintiff and that their depositions.  Plaintiff planned to use their deposition transcripts if he went trial, but Plaintiff instead accepted Defendants' Offer of Judgment and ended this case.

Plaintiff's counsel concedes they did not file the required Bill of Costs nor attach the invoices for their costs.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant its instant Motions in their entirety, and grant such other and further relief as the Court deems just and proper.

---

[6] Again, had Defendants provided Plaintiff with his work records, Plaintiff could have reviewed the records and amended his Statement of Claim.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Respectfully Submitted March 6, 2020

By:    /s/Lowell J. Kuvin
              Lowell J. Kuvin, Esq.
              Florida Bar No. 75320
              Lowell@kuvinlaw.com
              legal@kuvinlaw.com
              *Law Office of Lowell J. Kuvin, LLC*
              17 East Flagler Street, Suite 223
              Miami, Florida 33131
              Tel.: 305.358.6800
              Fax: 305.358.6808
              *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to Defendants' counsel.

By:    /s/Lowell J. Kuvin
              Lowell J. Kuvin, Esq.