UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-24296-CIV-LOUIS

JULIO PENA, an individual,

     Plaintiff,

v.

FACCI OF MERRICK PARK, INC., a Florida
for-profit corporation, and KOSMAS KALAS,
an individual,

     Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Julio Pena's Verified Motion for

Attorney's Fees (ECF No. 88) and Motion for Costs and Attached Bill of Costs (ECF No. 89). The

Court has carefully reviewed the Parties' submissions and is otherwise duly advised in the

premises. Upon consideration, Plaintiff's Motions are **GRANTED, in part**.

### A. Procedural Background

On October 18, 2018, Plaintiff Julio Pena initiated this action for unpaid wages under the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, seeking to recover unpaid wages for

Plaintiff's time as a server from his former employers Facci of Merrick Park, Inc., and Kosmas

Kalas (ECF No. 1). Pursuant to the Court's practice in FLSA cases, Plaintiff filed a statement of

claim, seeking $76,109.60 in total damages, not including attorney's fees (ECF Nos. 6, 7). Plaintiff

later amended the statement of claim to $116,542.30, exclusive of attorney's fees (ECF No. 26).

On December 27, 2019, Plaintiff filed a Notice of Accepting Defendants' Offer of

Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure (ECF No. 84), which this Court accepted and entered final judgment in the amount of $10,000 (exclusive of attorney's fees) in favor of Plaintiff (ECF No. 86).

## B. Motion for Attorney's Fees (ECF No. 88)

The FLSA provides for attorney's fees and costs to the prevailing party. 29 U.S.C. § 216(b). In the FLSA context, a "prevailing party" is one who obtains either: (i) a judgment on the merits, or (ii) "a settlement agreement 'enforced through a consent decree." *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 603-04 (2001)).

Plaintiff moves for an award of attorney's fees and costs pursuant to the FLSA's prevailing party provisions. *See* 29 U.S.C. § 216(b). Plaintiff seeks an award of $64,390.60 in attorney's fees for 177.38 hours of work performed by attorneys Robert W. Brock, II, Lowell J. Kuvin, Sundeep K. Mullick, and paralegal Esther Troche (ECF No. 88 at 9). Plaintiff indicates that Mr. Brock performed the bulk of the work, billing 145.47 hours (*id.*). Plaintiff seeks an hourly rate of $400 for the three attorneys and an hourly rate of $135 for Ms. Troche (*id.*). Plaintiff notes that this Court has previously approved counsel's hourly rate in awarding fees incurred in this case pursuant to Fed. R. Civ. P. 37(a)(5), and further explains that the hours expended are reasonable as this was an aggressively litigated case, in large part due to Defendants' misconduct in discovery practice (ECF No. 65 at 3).

Defendants do not dispute that Plaintiff is the prevailing party and entitled to reasonable fees under the FLSA. Defendants do challenge the hourly rate sought and the number of hours incurred as unreasonable (ECF No. 91 at 7). Defendants contend that Plaintiff's counsel improperly contributed to the excessive hours sought by taking unnecessary depositions and by

delaying the communication of Defendants' offer of judgment. Defendants propose a reduced

hourly rate between $325 and $350, and an across the board 50% reduction of the hours incurred.

For the reasons more fully explained below, I award **$56,731.80** in attorney's fees. Mr.

Brock's hourly rate of $400 is approved because it is reasonable for counsel of his expertise in the

relevant market and is consistent with the awards by this Court and others in this District. I also

find that the 177.38 hours expended in this case exceed that which is reasonable, and a reduction

of hours is necessary. I have conducted a line by line analysis and eliminated the hours incurred

by attorneys Kuvin and Mullick, as the evidence advanced in support of the Motion fails to

demonstrate the unique efforts by these attorneys that were not duplicative of Mr. Brock's efforts.

I have also eliminated time for which the billing records entries are excessive, vague or duplicative,

and for time incurred on clerical tasks.

### 1. The Lodestar Method of Determining Reasonable Fees

The determination of reasonable attorney's fees under the FLSA is within the sound

discretion of the trial judge. *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th Cir.

2019). In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit,

courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's

services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the

lodestar method, the value of an attorney's services is calculated by multiplying the hours that the

attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781

(11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The "fee applicant bears

the burden of establishing entitlement and documenting the appropriate hours and hourly

rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is

as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. When a request for attorney's fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut. *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at \*17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### 2. Reasonable Hourly Rate

In computing the lodestar, the first step is to determine the reasonable hourly rate, defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Norman*, 836 F.2d at 1301).

Exercising its own expertise in awarding attorney's fees in similar cases, together with a review of the record, and considering the Court's previous attorney's fee awards in this case, the Court finds the prevailing market rate for similar services by comparable counsel is no more than $400 per hour. In awarding counsel fees at this rate, I recognize that it exceeds the hourly rate established in other cases and for other, similarly skilled lawyers. This rate is consistent however

with the hourly rate I previously approved for Mr. Brock, without objection from Defendants, for fees incurred in this case related to Plaintiff's motion to compel and motion for sanctions (ECF Nos. 50, 85). Additionally, other courts in this District have approved this hourly rate for Mr. Brock and his co-counsel. *See Marco Watts v. Club Madonna, Inc.*, Case No. 17-CV-24666, (ECF No. 143) (S.D. Fla. Nov. 6, 2019) report and recommendation adopted (ECF No. 145) (S.D. Nov. 26, 2019); *Alvarez v. La Dorada Coral Gables, Inc.,* Case No. 14-24929-CIV, (ECF No. 39) (S.D. Fla. Sep. 21, 2015).

Defendants argue that counsel's hourly rate should be reduced to a rate between $325 and $350. Because Defendants did not identify the hourly rates for their attorneys as required by Local Rule 7.3(a), this objection is denied. *See* S.D. Fla. L.R. 7.3(a) ("If a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency or other arrangements that could change the effective hourly rate."). Defendants also argue the Court should award an hourly rate no higher than $350 because it was the rate claimed in Plaintiff's statement of claim (filed in November 2018) and amended statement of claim (February 2019). The Court will not bind counsel to an hourly rate from approximately two years prior, specially where this Court and others in this District have approved an hourly rate of $400.

Plaintiff seeks an hourly rate of $135 for paralegal Esther Troche, who has worked for Plaintiff's counsel for 7 years. Defendants oppose that award and argue that a rate of $75 is reasonable, particularly in light of the lack of complexity of the work performed, which they characterize as uploading documents and translating communications between counsel and Plaintiff. Defendants do not advance any recent authority approving their proposed hourly rate. I find the rate requested by Plaintiff for Ms. Troche to be reasonable and consistent with rates

approved by this Court. *See Benjamin v. VHU Express, Inc.*, No. 16-20642-CIV, 2017 WL 3448298, at *2 (S.D. Fla. Aug. 8, 2017) (awarding $135 hourly rate to paralegal in FLSA case); *Araujo v. C.R.C. Care Rental, Inc.*, 2017 WL 3382315, *1 (S.D. Fla. Aug. 4, 2017) (finding rate of $135 charged for work performed paralegal in FLSA case to be reasonable and granting motion for attorney's fees).

### 3. Reasonable Hours

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel.*" *A.C.L.U. of Georgia v. Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *Id.* at 428. If the fee applicant fails to exercise the required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary." *Id*. The Court has two options: it can engage in a task-by-task examination of the hours billed to excise excessive or redundant/duplicative hours; or when the number of hours involved is very high, the Court can conclude that an hour-by-hour analysis is impractical and apply an across the board reduction. *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001). As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees. *Norman*, 836 F.2d at 1303.

Plaintiff seeks reimbursement of 177.38 hours, attaching the attorneys' billing diaries as

well as their declarations (ECF Nos. 88-1–5). Defendants object to the hours sought, arguing that the time sought is unreasonable, particularly where counsel billed too much time for objectively straight-forward tasks. Defendants also object to any award of time following their service of an offer of judgment because the time records indicate that counsel first communicated the proposal to the client 13 days after it was served (ECF No. 91 at 8). Defendants seek a reduction of 50% of the loadstar amount in light of the low degree of success achieved by Plaintiff (settling for $10,000 when he claimed $116,542.30 in damages) (*id.* at 12).

The Court has reviewed the billing records attached to Plaintiff's Motion and finds that certain entries were not reasonably incurred. The time entries do not identify who billed what time but as noted, the vast majority of the work was performed by Mr. Brock. While a client may retain multiple attorneys, the court may not award time incurred by multiple attorneys without determining the unique, nonduplicative work performed by each. Plaintiff's time records preclude the Court from making that determination here. Nor do counsels' declarations shed any light on what work was performed or why the hours incurred are reasonable. The one-time entry that suggests it was performed by an attorney other than Mr. Brock (because it describes work performed to assist him) is substantially duplicative of another entry by Mr. Brock. Accordingly, the court will not award the time incurred by Mr. Kuvin (4.75 hours) or Mr. Mullick (2.4 hours) for a combined reduction of 7.15 hours.

I also find that most of the time incurred after service of Defendants' offer of judgment was reasonably incurred. On December 13, 2019, Defendants offered to settle the case for $10,000. After receipt of the offer of judgment, but apparently before communicating that offer with Plaintiff, counsel expended approximately 17.5 hours on various tasks (ECF No. 88-1 at 12). Counsel reviewed the offer with Plaintiff two weeks later and Plaintiff immediately accepted, and

a notice filed with the Court the next day (*id.*; ECF No. 84). Defendants argue that had counsel conveyed the offer to Plaintiff he would not have incurred the additional 17.5 hours. Defendants also argue the fact that Plaintiff accepted an offer for significantly less than he initially claimed should be weighed against the reasonableness of counsel's hours since it is indicative that Plaintiff's claims were unreasonable. Plaintiff's counsel explains in reply that he did attempt to communicate the offer with Plaintiff but was unable to speak to him and denies that Plaintiff's decision to accept the offer and settle for significantly less than what was originally claimed reflects the realities of litigation risks and further avers that Plaintiff's decision should not cause reduction to the award to counsel, who reasonably incurred all of the time described (ECF No. 95 at 8).

Having reviewed the time diaries and the docket as a whole, most of the hours incurred after service of Defendants' offer of judgment were reasonably incurred. Plaintiff's counsel continued to work on court-mandated appearances and deadlines. For example, counsel for both Parties were required to appear at an evidentiary hearing regarding Plaintiff's motion for spoliation sanctions, notwithstanding Defendants' notice that the issue was rendered moot by their late discovery of long-missing documents. Counsel's time incurred preparing for and appearing at that hearing could not have been avoided. Similarly, counsel incurred time meeting filing deadlines. As Plaintiff notes in his Motion, it was Defendants' election to serve the offer in the midst of these court-imposed deadlines, not the Plaintiff's, and counsel's completion of those tasks while an offer was pending cannot be deemed unreasonable.

Defendants cite to *Zepeda v. Sfilatino*, LLC, No. 17-CV-23608, (ECF No. 31) (S.D. Fla. May 4, 2018), for the proposition that none of the hours incurred after their offer of judgment should be awarded. However, Defendants' reliance is misplaced. There, the court noted that certain

fees were unreasonable, particularly when comparing the hours expended in the case *before* defendant offered to settle to the much greater amount of time incurred *after* the receipt of the offer. *Id.* at 7 ("A plain reading of these entries might not otherwise raise a court's suspicions. But when one places the entries into the context of what was occurring in the case at the time the work was performed, it becomes apparent that these hours were unnecessary, excessive, and nothing more than an attempt to inflate the value of a potential fee award."). Such is not the case here. This case has been actively litigated despite the general straightforward nature of FLSA cases, and as Plaintiff notes, at least some of the time expended was the result of Defendants' misconduct which resulted in attorney's fees and sanctions against them. While Defendants' objection to inclusion of any time incurred after service of the offer is overruled, a reduction of 4.20 hours is necessary for time incurred on December 23, 2019 in the review of deposition transcripts and discovery responses, because the diary entry does not explain why these tasks were performed.

Counsel's time sheets contain instances of excessive billing entries which necessitate a reduction of 1.0 hour. For example, on December 9, 2018, counsel billed 1 hour to review two Court orders, one of which was a straightforward scheduling order, Similarly, on June 18 and 20, 2019, counsel billed .5 hours for reviewing order of reassignment and an order requiring a joint scheduling report. The time incurred on these tasks exceed that which is reasonable, and a reduction is appropriate.

Counsel's hours will also be reduced for vague entries that do not explain how the task advanced this case, such as a September 16, 2019 time entry for "Translation by Julie Gonzalez," who has not been identified as a timekeeper in this case and the billing records do not indicate what documents or statements were translated or for what purpose. Similarly, I will reduce time incurred on October 16, 2019, for drafting an email to opposing counsel Vecchio without

explanation of the subject of that correspondence and an isolated review of Defendants' deposition transcript on November 20.  Accordingly, a reduction of 1.5 is necessary to account for these entries.

Additionally, the billing records reveal redundant entries, which also merit a reduction of time. For example, on January 22, 2019, counsel and paralegal entered duplicative time entries related to the preparation of the affidavit of Michael Morales. Accordingly, none of the paralegal time associated with that entry (1.27) will be awarded and counsel's time will be reduced by 1 hour. Similarly, on August 26, 2019, counsel entered .9 hours to confer with co-counsel Kuvin regarding an amended scheduling order. Such time incurred for internal conferral will not be awarded.

Lastly, a reduction for clerical tasks is necessary. While the Court commends counsel for utilizing Ms. Torche in a manner that meaningfully advanced the needs of the case, a reduction of 7.61 hours is appropriate for entries for clerical tasks. For example, Ms. Torche entered time entries for converting documents to PDFs (.21 hours), scanning, printing and uploading documents (2.3 hours), preparing correspondence regarding scheduling of hearings, depositions, and mediation (2 hours), and the drafting of spreadsheets (3.10 hours). *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 914 (11th Cir. 2018) (affirming district court's award of attorney's fees in FLSA case, including reduction for clerical work). Likewise, counsel entered .4 hours for communicating with opposing counsel regarding the untimely service of a check, which will not be awarded.

For the foregoing reasons, I award **$56,731.80** in attorney's fees as follows:

| TIMEKEEPER | HOURS |
|---|---|
| Robert Brock, Esq. ($400) | 136.47 |
| Esther Troche ($135) | 15.88 |

**C.  Motion for Costs (ECF No. 89)**

Plaintiff seeks costs in the amount of $3,199.40 incurred in the prosecution of this case. In support of his Motion, Plaintiff attached his counsels' billing diaries which include line entries for some costs that were incurred, but no invoices. Defendants object to the award, with the exclusion of $400 filing fee, because Plaintiff did not substantiate his request with invoices apart from what Defendants describe as counsels' "self-serving ledger" (ECF No. 91 at 13). In Reply, Plaintiff acknowledges that he has not filed the required invoices substantiating his request, but neither supplemented with the invoices nor explained why the Motion should be granted notwithstanding this deficiency (ECF No. 95 at 9).

The FLSA also allows a prevailing party to recover "costs of the action." 29 U.S.C. § 216(b). Rule 54 of the Federal Rules of Civil Procedure likewise provides that costs, other than attorney's fees, shall be allowed to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). A cost award under the FLSA is limited to those costs enumerated in 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by limitations set out in Section 1920). The party seeking an award of costs must submit a request that enables the court to determine the party's entitlement to those costs. *See* S.D. Fla. L.R. 7.3(c) ("The bill of costs shall attach copies of any documentation showing the amount of costs"); *Zainulabeddin v. Univ. of South Fla. Bd. of Trustees*, 749 F. App'x 776, 787 (11th Cir. 2018).

Plaintiff may recover fees paid to the Clerk of the Court, as it is clearly allowed under Section 1920(1).  However, all other costs sought that are not supported with documentation, such as invoices or receipts, that would enable the Court to determine whether each would be

11

recoverable will not be part of the award. *See Guerra v. Ameri-Clean Pumping, Inc.*, No. 18-22998-CV, 2019 WL 1859243, at \*4 (S.D. Fla. Apr. 25, 2019) (denying in part motion for costs for all costs that were not supported by documentation such as receipts or invoices). Accordingly, I find that Plaintiff may recover only **$400.00** in costs.

Accordingly, after due consideration, it is **ORDERED and ADJUDGED** that Plaintiff's Verified Motion for Attorney's Fees (ECF No. 88) and Motion for Costs and Attached Bill of Costs (ECF No. 89) are **GRANTED, in part**, and Plaintiff shall recover attorney's fees in the amount of **$56,731.80** and costs in the amount of **$400.00**. For which sums let execution issue.

**DONE and ORDERED** in Chambers at Miami, Florida this 12th day of October, 2020.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE